IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL TILATITSKY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00811-JCH |
| | ) | |
| MEDICREDIT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Medicredit, Inc.'s ("Medicredit") Motion for Summary Judgment. (ECF No. 59.) Also pending before the Court is Medicredit's Motion to Strike Expert Testimony. (ECF No. 74.) The Motions have been fully briefed and are ready for disposition.

**BACKGROUND**

The following facts are essentially undisputed. Tilatitsky incurred a debt of $842 in connection with medical services he received at Cartersville Medical Center on January 6, 2015. Tilatitsky never made any payment on the debt's balance, and the debt was transferred to Medicredit for collection. Medicredit sent Tilatitsky a collection letter, dated May 12, 2015 (hereinafter, the "Collection Letter"), which reads in pertinent part as follows:

> This is to inform you that Cartersville Medical Center has placed your account with this agency with the full intention of collecting this account. Please give this past due account the attention it deserves.
>
> Please either:
> 1. Remit payment in full to this office or,
> 2. Contact this office by telephone to arrange resolution of the account.
> 3. For phone payments, express mail, or MoneyGram information, call between 8:00am and 8:00pm Monday to Thursday, 8:00am to 5:00pm

1

>       Friday, and 9:00am to 1:00pm Saturday.  All times are Central Time Zone.
>           Please call to make a payment by check or credit card by telephone…

(Def. Ex. B.)  Directly below and in the same font as the paragraph which contains the "please either" options, the Collection Letter provides the following "**Important Notice**":

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* (emphasis original).  Following receipt of the Collection Letter, Tilatitsky filed for bankruptcy.  He did not contact Medicredit at any point.

On July 25, 2015, Tilatitsky filed this action against Medicredit in the District of Colorado, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA").  In June 2016, the matter was transferred to this Court.  In his Complaint, Tilatitsky alleges that the "please either" options for payment set forth in the Collection Letter overshadow the validation notice, in violation of section 1692g of the FDCPA, and therefore constitute a false, deceptive and misleading representation, in violation of section 1692e of the FDCPA.[1]

As mentioned above, Medicredit now moves for summary judgment.  (ECF No. 59.)  Medicredit also moves to exclude the testimony of Tilatitsky's expert Dr. Alan M. Perlman, arguing that Dr. Perlman was never disclosed as an expert prior to Tilatitsky's inclusion of Dr.

---

[1] Tilatitsky also asserted that Medicredit violated section 349 of New York General Business Law.  However, on September 4, 2016, the Parties filed a Stipulation of Partial Dismissal as to this claim. (ECF No. 66.)

2

Perlman's Affidavit in his Memorandum in Opposition to Medicredit's Motion for Summary Judgment. (ECF No. 74.)

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing the absence of a genuine issue of material fact. *See Id.* at 256. When a summary judgment motion is properly supported by evidence, the burden then shifts to the non-moving party who must set forth affirmative evidence showing that there is a genuine issue for trial. *See id*. at 256-57. In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party "only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id*. (quotation omitted).

## DISCUSSION

As an initial matter, the Court will grant Medicredit's Motion to Strike Expert Testimony. Tilatitsky did not disclose any expert witnesses by the April 27, 2016 deadline set forth in the Scheduling Order, and he has not sought permission to extend this deadline.[2]  *See* Fed. R. Civ. P.

---

[2] To the extent Tilatitsky argues that the late disclosure is substantially justified because the case was transferred from a venue where the standard applicable to FDCPA cases is different and

3

26(a)(2)(D) (party must disclose expert testimony at times and in sequence that Court orders); Fed. R. Civ. P. 37(c) (if party fails to provide information or identify witness as required by Rule 26(a), party is not allowed to use that information or witness to supply evidence on motion, unless failure was substantially justified or is harmless).  For the following reasons, the Court will also grant Medicredit's Motion for Summary Judgment.

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,'" and "debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. §§ 1692(a) and 1692k(a)). In order to establish a FDCPA violation, a plaintiff must prove that he is a consumer; that the defendant is a debt collector; that there was an attempt to collect a debt; and that the defendant violated, by act or omission, a provision of the FDCPA.  *See Campbell v. Credit Protection Ass'n, LP*, No. 4:12CV00289AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013) (citation omitted).  Here, it is undisputed that Tilatitsky is a consumer, that Medicredit is a debt collector, and that there was an attempt to collect a debt.  Thus, the sole issue before the Court is whether Medicredit, in sending the Collection Letter, violated a provision of the FDCPA.  Tilatitsky claims that Medicredit violated two provisions of the FDCPA:  sections 1692g and 1692e. Medicredit argues that it is entitled to summary judgment because the undisputed facts show that it did not violate either of these provisions.

Section 1692g of the FDCPA requires debt collectors to send a "validation notice" giving debtors written notice of their rights as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

---

expert testimony was not needed, the Court notes that he failed to timely raise this issue prior to, during, and after this Court's July 13, 2016 scheduling conference.

4

> information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Section 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt…" 15 U.S.C. § 1692g(b). "'Overshadowing or inconsistency occurs when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'" *Founie v. Midland Credit Mgmt., Inc.*, No. 4:14CV816 RWS, 2014 WL 6607197, at *3 (E.D. Mo. Nov. 19, 2014) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1064 (D. Minn. 2008)).  Similarly, section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692(e); *see also Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 770 (8th Cir. 2001).

Tilatitsky argues that, because of the structure of the Collection Letter, he believed that he had to pick one of the three "please either" options, and that he did not understand the letter to mean that he had a "fourth option" to not pay the debt and instead seek verification of the debt, dispute the debt, or demand the name of the original creditor.  Tilatitsky contends that the

5

Collection Letter would confuse an unsophisticated debtor as to his or her rights, due to Medicredit's failure to include either the aforementioned "fourth option," or transitional language explaining that the "please either" options do not override the debtor's dispute, validation, and verification rights.

"A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quotations omitted). This standard is intended to "protect[] the uniformed or naïve consumer," while also maintaining "an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Id.* at 317-18 (citation omitted). "The unsophisticated consumer may be uninformed, naïve, and trusting, but still has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Glackin v. LTD Fin. Servs., L.P.*, No. 4:13–CV–00717 (CEJ), 2013 WL 3984520, at *3 (E.D. Mo. Aug. 1, 2013) (quotations omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (quotation and citation omitted).

"[M]ere speculation that a collection letter confuses the unsophisticated consumer is insufficient for a FDCPA plaintiff to survive summary judgment. *See Campbell*, 2013 WL 1282348 at *5 (quotation omitted). "[I]t is proper to assume that an unsophisticated consumer would be confused or misled only if a significant fraction of people would be similarly misled." *Id.* (quotation omitted). "[W]hen the letter itself does not plainly reveal that it would be confusing to a significant fraction of the population, the plaintiff must come forward with

6

evidence beyond the letter and his own self-serving assertions that the letter is confusing in order to create a genuine issue of material fact for trial." *Id.* (quotation omitted).  Finally, "where the legal implications of statements made in a collection letter are disputed," Courts in this District have treated such disputes as constituting "question[s] of law that may be resolved by the Court on a dispositive motion."  *O'Connor v. Credit Prot. Ass'n LP*, No. 4:11CV2187SNLF, 2013 WL 5340927, at *7 (E.D. Mo. Sept. 23, 2013) (collecting cases); *see also Perry v. Trident Asset Mgmt., LLC*, No. 4:14-CV-1004-SPM, 2015 WL 417588, at * (E.D. Mo. Feb. 2, 2015) (collecting cases).

Upon consideration of the undisputed facts in this case, the Court concludes that the paragraph in the Collection Letter which contains the "please either" options does not overshadow or contradict the required validation notice, and that it does not constitute a false, deceptive, or misleading representation in an attempt to collect debt.  The validation notice was set forth on the front page of the Collection Letter directly below and in the same font as the language detailing Tilatitsky's payment options, and it clearly informs Tilatitsky of his dispute, validation, and verification rights.  *Cf. Morello v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. CIV. 15-0688 (RBK), 2015 WL 5095086, at *3 (D.N.J. Aug. 28, 2015) (letter's statement "[p]lease advised that the Bank intends to invoke its right to file a lawsuit against you" did not overshadow validation notice, which was presented on front page of letter immediately following and in same font as statement).  In addition, the letter does not demand any action from Tilatitsky within the 30-day window, and it does not threaten him with negative consequences if he fails to take action before the close of the 30-day window.  *See Founie*, 2014 WL 6607197, at *2-3 (granting summary judgment in favor of defendant on plaintiff's § 1692g claim, emphasizing that letter "does not demand any action (including payment) from [the

7

plaintiff] within the 30-day window, nor does the letter request immediate contact or threaten her with negative consequences if she fails to take action before the close of the 30–day window"); *Riess v. Messerli & Kramer, P.A.*, No. 11-2307 (RHK/JJK), 2011 WL 5506290, at *4 (D. Minn. Nov. 10, 2011) (letter sent during 30-day dispute window stating that it was important that plaintiff contact defendant to arrange payment, but contained no demand for immediate payment or deadline for responding, did not overshadow or contradict validation notice; emphasizing that nothing in letter suggested that plaintiff had to take action before close of 30-day window in order to avoid negative consequences); *see also Peter v. GC Servs. L.P.*, 310 F.3d 344, 349-350 (5th Cir. 2002) (communications that request payment with no time period specified have been found not to contradict validation notice); *Lerner v. Forster*, 240 F. Supp. 2d 233, 238 (E.D.N.Y. 2003) ("[i]t does not follow that simply because a collection letter instructs a consumer to contact a debt collector that the validation notice is necessarily overshadowed or contradicted."). Tilatitsky offers nothing more than his own self-serving assertions that the Collection Letter confused him, and he has failed to timely present extrinsic evidence showing that the Collection Letter would reasonably confuse or deceive an "unsophisticated consumer" as to his or her dispute, validation, and verification rights.

For the foregoing reasons, the Court concludes that Medicredit is entitled to summary judgment on Tilatitsky's FDCPA claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Medicredit, Inc.'s Motion to Strike Expert Testimony (ECF No. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Medicredit, Inc.'s Motion for Summary Judgment (ECF No. 59) is **GRANTED**. A separate Judgment will accompany this Memorandum and Order.

Dated this 11th day of October, 2016.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE